UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRYAN LEE GREGORY,
    Petitioner,

v.                                                Case No. 5:24-cv-193/AW/MAL

WARDEN GABBY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Bryan Lee Gregory's petition for writ of habeas corpus, filed under 28 U.S.C. § 2241. ECF No. 2. After review of the petition, I recommend this case be summarily dismissed pursuant to Rule 4 of the Rules Governing 2254 Cases[1] and 28 U.S.C. § 2255(e). The petition, exhibits, and supplemental brief show Petitioner is not entitled to relief under section 2241.

## BACKGROUND

In October of 2018, Petitioner entered a guilty plea in the Western District of Missouri to a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). W.D. Mo. Case No. 6:17cr3044, ECF Nos.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which governs § 2254 case]." The Local Rules of this Court also provide that the Rules Governing § 2254 Cases apply to all habeas cases filed in this District, regardless of whether they were filed under § 2254. N.D. Fla. Loc. R. 5.7(C).

75, 78. On March 6, 2019, the district court sentenced him to a term of 120 months' imprisonment. *Id.* at ECF No. 97. The Eighth Circuit affirmed on December 26, 2019. *Id.* at ECF No. 111. Petitioner filed a pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in September of 2020, raising over 40 grounds. *Id.* at ECF No. 115. The district court denied the motion on May 18, 2021, and declined to issue a certificate of appealability. *Id.* at ECF No. 131. Petitioner tried to appeal, but the Eighth Circuit denied his application for a certificate of appealability. *Gregory v. United States*, No. 21-2306, 2021 WL 12237304, (8th Cir. Oct. 1, 2021).

Petitioner is currently in custody at FCI Marianna with a projected release date of August 10, 2025. *See* https://www.bop.gov/inmateloc/.

In his section 2241 petition, Petitioner raises nine grounds challenging his conviction. Petitioner alleges in Ground One that the United States did not have jurisdiction to prosecute him. In Grounds Two through Nine, he makes various claims he was denied access to the courts.[2] For relief, he seeks "a writ of Habeas corpus 'NOW' releasing him from his unlawful confinement." ECF No. 2-2 at 87.

---

[2] The petition includes two claims numbered Ground Six, but they appear to be the same. ECF No. 2 at 5, 6.

## DISCUSSION

"[A] motion to vacate [under 28 U.S.C. § 2255] is the exclusive mechanism for a federal prisoner to seek collateral relief [from a federal conviction] unless he can satisfy the 'saving clause' …." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,* 851 F.3d 1076, 1081 (11th Cir. 2017). The saving clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (italics added).

There are only three circumstances where the remedy by section 2255 motion is inadequate or ineffective to vacate, set aside, or correct a sentence: (1) if the petitioner is challenging the execution of his sentence; (2) if the sentencing court is unavailable or has been dissolved; or (3) if there are practical considerations, such as multiple sentencing courts, that prevent a petitioner from filing a motion to vacate under section 2255. *McCarthan,* 851 F.3d at 1092-93. None of these circumstances apply to Petitioner. He therefore does not meet the requirements of the saving clause and is not entitled to proceed under section 2241.

An analysis of Petitioner's claims shows why they do not fall within the saving clause. Specifically, Petitioner's claim in Ground One (that the United States

did not have jurisdiction to prosecute him for the felon in possession charge) was raised as Ground 26 in his section 2255 motion. W.D. Mo. Case No. 6:20cv3294, ECF No. 16 at 41-42. The claim was denied. W.D. Mo. Case No. 6:17cr3044, ECF No. 131 at 4. Petitioner argues that this issue "goes to the heart of this Court's power to review these issue [sic] under the 28 USC 2255 (e) savings clause or 28 USC 2241." ECF No. 2-2 at 30.

It has long been held, however, that a federal prisoner "who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." *Darby v. Hawk–Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005). The fact that a procedural bar might prevent relief does not render the motion itself an ineffective or inadequate remedy. *Jones v. Hendrix*, 599 U.S. 465, 470 (2023) (restriction on second or successive motions does not make section 2255 inadequate or ineffective); *see also McCarthan*, 851 F.3d at 1086. Petitioner is not entitled to relief on Ground One.

The same is true for Grounds Two through Nine, asserting claims for denial of access to the courts.[3] Petitioner's claims include allegations that Bureau of

---

[3] In the exhaustion sections of Grounds Two, Three, and Four of the petition, Petitioner states he filed a tort claim and rejected a $50 settlement. ECF No. 2 at 3-5; ECF No. 2-2 at 12, 25, 44. As to claims Five through Nine, Petitioner notes that he "did not exhaust administrative remedys [sic] as it was a dead end as the BOP could not grant requested relief." ECF No. 2 at 6; *see also* ECF No. 2-2 at 25.

Prisons officials destroyed legal materials, state and local government agencies denied him access to certain evidence, and the Bureau of Prisons mail room did not forward court rulings to him. Petitioner argues that these claims meet the requirements of the saving clause because "[t]he 2255 hearing court clearly ruled that Mr. Gregory can not litigate the denial of access to the courts in a §2255." ECF 2-2 at 27.

Petitioner's characterization of the ruling by the district judge in the Western District of Missouri is not entirely accurate. Included in the district judge's ruling is a finding that "[t]o the extent that Movant claims he has been denied access to this Court, *see, e.g.*, Doc. 16, p. 59 (amended motion), the record clearly disproves this claim." W.D. Mo. Case No. 6:17cr3044, ECF No. 131 at 4 n.2. Thus, the district court considered Petitioner's claims that he was denied a fair opportunity to present his 2255 grounds, and ruled they were without merit. Additionally, the district court adopted the ruling "[i]n *United States v. Cline* … that a 'claim of lack of access [to the court] must be brought as a separate civil rights action, and is not properly included in [a] § 2255 motion." *Id.* Implicit in this ruling is that vacating or setting aside Petitioner's sentence was not an appropriate form of relief for Petitioner's access to the courts claims.[4] This does not mean, as Petitioner contends, that he is

---

[4] "The purpose of recognizing an access claim is to provide vindication for a separate and distinct

entitled to bring these claims again under the saving clause to vacate or set aside his sentence.

"That a court might reject a prisoner's argument does not render his 'remedy by motion'" inadequate or ineffective. *McCarthan*, 851 F.3d at 1086. Even if the court was wrong, "the saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle* ('the remedy by motion'), not any court's asserted errors of law." *Jones*, 599 U.S. at 480-81. For a prisoner, like Petitioner, seeking a writ of habeas corpus to release him from an alleged unlawful conviction and sentence, the remedy by motion under section 2255 is adequate and effective because "if he succeeds, the court must 'vacate and set the judgment aside' and either release or retry him." *McCarthan*, 851 F.3d. at 1086 (quoting 28 U.S.C. § 2255(b)).

Petitioner has already raised access to courts claims in a section 2255 motion. The fact he was denied relief does not allow him to "circumvent the successive motion restrictions simply by filing a petition under § 2241." *Darby*, 405 F.3d at

---

right to seek judicial relief." *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006). The right is dependent upon "a colorable underlying claim for which [the plaintiff] seeks relief," such as an underlying claim for postconviction relief. *Id*. The proper remedy for such an access claim, however, is not postconviction relief itself but redress for denial of the "opportunity to present [the postconviction] claims fairly." *Id*. at 1225; *see also id.* at 1227-32 (relief sought was appointment of legal counsel or alternative forms of legal assistance, which was considered but denied). Thus, a claim for postconviction relief is not the same as a claim for denial of access to the courts, which is "ancillary to the underlying [postconviction] claim." *Id*. at 1226.

945. Petitioner is not entitled to proceed under the saving clause on Grounds Two through Nine.

Because Petitioner cannot meet the requirements of the saving clause to raise a challenge to his conviction under section 2241 for any of his grounds, it is respectfully RECOMMENDED:

The Petition for Habeas Corpus under 28 U.S.C. § 2241, ECF No. 2, be DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2255(e).

At Gainesville, Florida on October 3, 2024.

/s/ *Midori A. Lowry*
**MIDORI A. LOWRY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.